CITY OF JACKSON *v.* BELHAVEN COLLEGE.

(In Banc. Nov. 22, 1943.)

[15 So. (2d) 621. No. 35470.]

W. E. Morse, of Jackson, for appellant.

Robertson & Robertson, of Jackson, for appellee.

**McGehee, J.**, delivered the opinion of the court.

On April 7, 1943, the Mayor and Commissioners of the City of Jackson, at the suggestion of an assistant in the office of the City Tax Assessor, adopted a resolution which authorized and directed the City Tax Assessor to back assess approximately ten acres of unimproved land as the property of the appellee, Belhaven College, at a valuation of $3,000 for each of the years 1940 and 1941, as having escaped taxation for said years, and also directing the said tax assessor to give notice thereof as provided by law.

On April 21, 1942, at the time and place fixed in the said order for hearing objections to such back assessment, the Mayor and Commissioners adopted a further resolution which recited, among other things, that the notice had been given by the City Tax Assessor and the clerk to the taxpayer by registered mail, that there was no protest made thereto, and that the back assessment so made was in all respects ratified, approved and confirmed.

Section 3108, Code of 1930, enumerating what property is exempt from taxation, exempts from ad valorem taxation "all property, real or personal, belonging to any college or institution for the education of youths, used directly and exclusively for such purpose, provided that no such college or institution for education of youth shall have exempt from taxation more than six hundred and forty acres of land." Section 4169, Subsection (e), Code of 1930, provides that "Any religious society, ecclesiastical body and/or any congregation thereof, may hold and own, at any one place, the following real prop-

erty, but no other, viz.: . . . (e) All buildings used by a school, college or a seminary of learning contiguous to and/or a part of the college or seminary plant, for administration, class rooms, laboratories, observatories, dormitories, and for housing the faculty and students thereof, together with a reasonable quantity of land in connection therewith.'' The appellee, Belhaven College, does not own land that would approximate in area the maximum limitation of' 640 acres but owns less than 100 acres.

Dr. Gillespie, President of Belhaven College, testified that the college was established about the year 1912 with only fifteen acres as a college site and campus; that a group of churchmen, who realized that this amount of land was insufficient for the college purposes if it was to grow and expand, caused additional lands to be acquired for the future use of the college, including the ten acres here involved; that while this tract of land is not a part of the campus now in use and is located about one-fourth of a mile distant therefrom, the same was being used during the years of 1940 and 1941 for the growing of peas, beans and other trucking, as well as for growing corn and hay for the horses owned and used by the college; and that the exemption claimed has been recognized and allowed insofar as county and state taxes are concerned for the years 1935 to 1941, inclusive, and has been carried as exempt on the assessment roll of the City of Jackson for each of said years except for an attempt to back assess the same in 1937, which was cancelled upon application by the college in that behalf, and except for the back assessment made as aforesaid in April 1942 for each of the years 1940 and 1941. Nor is it contended that said land was used during either of said years for any other purpose than those above mentioned.

The order of the Mayor and Commissioners of April 21, 1943, to ratify, approve and confirm the back assessment which it had previously directed the assessor to make does not affirmatively adjudicate that ten days'

notice in writing had been given but merely recites that "Notice was given by the City Tax Assessor and the City Clerk to the taxpayer by registered mail." . Section 10 of Chapter 19, Laws Extra Session of 1938, provides as follows: "In all cases where real or personal property has escaped assessment and taxation in any previous year, or years, by reason of not being assessed, the assessor shall assess the same for taxation, and file the assessment with the clerk of the municipality, specifying the property, its value, and the name of the owner, if known. Thereafter the clerk and the governing authority shall proceed to give notice to the person assessed, or the person owning the property, and shall otherwise proceed as in the case of property assessed by the county tax assessor, and as provided by section 3198, Mississippi code of 1930." And Section 3198, Code of 1930, governing the giving of the notice to the taxpayer and referred to in the foregoing quotation from said Section 10, requires that "When the assessor shall assess the persons or property for any former year or years, . . . the clerk shall enter the same on the last approved roll or rolls in his hands, and the clerk shall immediately give ten days' notice in writing, to the person or corporation whose property is thus assessed . . ."

Section 1 of Chapter 70, Laws Extra Session of 1938, provides that the governing authorities shall cause "all taxable property . . . which from any cause, has escaped taxation within the past seven years, to be assessed for taxes for each year in which such property has escaped taxation; provided, that in all cases of the assessment of property under this act, the governing authorities of any municipality ordering such assessment, shall fix a day for the hearing of objections to such assessment, and shall cause the municipal clerk to give to the property owner ten days written notice, by mail, . . . of the time and place for the hearing of objections to such assessment."

As hereinbefore stated, the order of the Mayor and Commissioners ratifying, approving and confirming the back assessment here in question does not affirmatively adjudicate that ten days' notice in writing was given by the clerk or by anyone else. The record discloses that a letter was sent by registered mail to the President of Belhaven College, signed by the tax assessor, not by the clerk, and which bears the date of April 7, 1942. It is not shown when the letter was mailed, but even if that fact did appear, it was necessary to the validity of the assessment that the minutes of the taxing authorities should affirmatively disclose and adjudicate that ten days' notice had been given as required by law. We deem the citation of authorities to be unnecessary on the proposition that the judgment of a court of limited jurisdiction must adjudicate the necessary jurisdictional facts to sustain the rendition of the same.

The point is made by the taxpayer that this back assessment is void on the ground that it was not the act of the assessor but was made by the Mayor and Commissioners at the instance of an assistant in the assessor's office; that the Mayor and Commissioners assessed the property in a preliminary order directing the assessment of the same, describing it, naming the owner and fixing the value. The said Section 10, Chapter 19, Extra Session of 1938, supra, provides that in all cases where property has escaped assessment and taxation in previous year or years, etc., the assessor shall assess the same for taxation, specifying the property, its value and the name of the owner, if known, but Section 1 of the said Chapter 70, Laws Extra Session of 1938, supra, approved on August 20, 1938, the same day on which said Chapter 19 was approved, authorizes and empowers the governing authorities of all municipalities to cause all taxable property which from any cause has escaped taxation within the past seven years to be assessed for taxes for each year in which such property has escaped taxation. We are of the opinion that the provisions of the two statutes can

be reconciled so as to permit the governing authorities to cause property to be back assessed and at the same time leave it to the judgment of the assessor to first place a value thereon, after taking into consideration the location and character of the property, and subject to the approval of the taxing authorities. In the instant case, it appears that the City Tax Assessor was left no discretion in the matter but was directed by the governing authorities in advance as to what valuation to place thereon, and which the said authorities of course later approved.

The order of the Mayor and Commissioners making the assessment directed the tax collector to proceed to collect the taxes levied thereon only for the years 1940 and 1941 although the property had not been assessed during any of the preceding seven years. Thereafter, the taxpayer filed an application with the Mayor and Commissioners for the annulment and cancellation of such back assessment on the ground that the property involved was being used by the college for trucking and other purposes incidental to the operation of the school and was therefore exempt from all ad valorem taxation. No action was ever taken on this application but the property was advertised for sale under the assessment complained of, and with the result that this suit was filed and an injunction obtained to prevent the sale. The court below decreed that the land was exempt from taxation, declined to dissolve the injunction, and also held that the attempted assessment was void. From this decree, the City of Jackson has prosecuted this appeal and has assigned for error (1) that the chancery court was without jurisdiction to try the case; and (2) that the court erred in holding that the land in question was exempt from taxation.

We are of the opinion that the court below was correct in holding that the property was exempt from taxation and that the chancery court had jurisdiction to grant injunctive relief against the proposed tax sale since the

attempted assessment thereof for the years 1940 and 1941 was void because of the failure of the Mayor and Commissioners to adjudicate the necessary jurisdictional facts and for the reason that the back assessment was not made by the tax assessor.

The decree of the court below is therefore in all respects affirmed.

Affirmed.